C. Dennis Loomis (Bar No. 82359)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Email:       cdloomis@bakerlaw.com

*Attorneys for Plaintiff*
QUANTUM CORPORATION

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>MELLANOX TECHNOLOGIES, LTD.,<br><br>  Defendant. | Case No. 5:17-cv-07269<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

In this lawsuit, Plaintiff Quantum Corporation ("Quantum") seeks to vindicate and protect its exclusive right to use its federally registered trademark "QUANTUM" in connection with computer peripherals, namely, computer drives for the storage, retrieval, and delivery of computer memory and data; tape drive autoloaders; computer media for storage applications; computer media for back-up applications; solid state disk drives; and related software and products.

## Jurisdiction and Venue

1. This is a Complaint for trademark infringement under section 32(1) of the Lanham Act, 15 U.S.C § 1114(1); for unfair competition and false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for California State Statutory Trademark Infringement under California Business & Professions Code § 14335; for California State statutory unfair competition under California Business & Professions Code § 17200, *et seq.*; for California State statutory trademark dilution under California Business & Professions Code §§ 14330-14335; for common law trademark infringement and unfair competition; and for Constructive Trust under California Civil Code § 2224.

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1331(a); 28 U.S.C. 1338(a)-(b); and 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, and the events giving rise to this Complaint occurred here.

## Parties

4. Quantum is a corporation duly organized and existing under the laws of the State of Delaware, located and doing business at 1650 Technology Drive, Suite 800, San Jose, California 95110.

5. On information and belief, Defendant Mellanox Technologies, Ltd. ("Mellanox" or "Defendant") is a Limited Liability Company existing under the

laws of Israel, located and doing business at 350 Oakmead Parkway, Suite 100, Sunnyvale, CA 94085.

## COMMON FACTS

**A.     The QUANTUM Mark**

6.     Quantum repeats and realleges Paragraphs 1 through 5 as if fully stated herein.

7.     Quantum was founded in 1980 and is a global leader in data storage, providing a wide range of specialized solutions in the fields of workflow storage, archiving, data protection, and hybrid storage.  Quantum's expertise in the data storage industry extends to a variety of markets, servicing customers in traditional, virtual, and cloud environments.

8.     Quantum has sold many billions of dollars of computer products both in the United States and worldwide. Quantum has also spent many hundreds of millions of dollars in advertising its products both in the United States and globally.

9.     Quantum owns and maintains trademark registrations for its QUANTUM name and mark in numerous countries throughout the world, including Argentina, Australia, Austria, Benelux (covering Belgium, the Netherlands and Luxemburg), Bolivia, Brazil, Canada, Chile, China, Colombia, Costa Rica, Cyprus, Czech Republic, Denmark, Ecuador, Egypt, European Community, Finland, France, Germany, Greece, Hong Kong, India, Indonesia, Ireland, Israel, Italy, Jamaica, Japan, Korea, Malaysia, Mexico, New Zealand, Norway, Panama, Paraguay, Peru, the Philippines, Portugal, Sabah, Saudi Arabia, Singapore, South Africa, Spain, Switzerland, Taiwan, Thailand, the United Kingdom, Venezuela, and Vietnam.

10.     In the United States, Quantum owns numerous registrations, including Registration Nos. 926,161; 1,089,619; 1,749,927; 2,075,239; 2,386,775; 2,392,749; 2,411,810; 2,434,568; 3,732,299; 4,175,381; 4,583,134; and 5,010,402, attached hereto as Exhibit A. Of these, Registration Nos. 926,161; 1,089,619; 1,749,927;

1  2,075,239; 2,386,775; 2,392,749; 2,411,810; 2,434,568; and 3,732,299 are
2  incontestable under 15 U.S.C. § 1115(b), and therefore constitute conclusive
3  evidence of Quantum's ownership of, and exclusive right to use, the QUANTUM
4  name and mark in commerce in connection with the goods and services set forth
5  therein.

**B.    Defendant Mellanox's Infringing Activity**

11.   On October 10, 2016, Mellanox applied for registration of the mark MELLANOX QUANTUM with the U.S. Patent and Trademark Office.  *See* Exhibit B attached hereto, showing U.S. Application Serial No. 87197587.  This application lists the International Class 9 goods to be sold under the MELLANOX QUANTUM mark as "computer peripherals; Computer hardware for enabling server-to-server communications, for transmitting data across computer connections, and for enabling a computer to access data from storage devices and data centers."

12.   On information and belief, in late 2016, Mellanox Technologies, Ltd. commenced distributing, advertising, selling, and offering for sale network switches under the trademarks QUANTUM and MELLANOX QUANTUM, thereby infringing Quantum's registered marks.  *See* Exhibit C, attached hereto.  These network switches are intended for use by original equipment manufacturers ("OEM") of server and storage system solutions.  *See* Exhibit D, attached hereto. Quantum did not authorize Mellanox to distribute, advertise, sell, or offer for sale these network switches under these QUANTUM-formative marks.

/ / /
/ / /
/ / /

13. Below is a table showing Quantum's QUANTUM mark as used on its website, alongside Defendant's infringing QUANTUM mark as used on its website:

| Use by Quantum | Use by Defendant |
|---|---|
| Quantum | Quantum — The smartest switch, became smarter |

## FIRST CLAIM FOR RELIEF

[Trademark Infringement in Violation of Federal Law: Lanham Act § 32(1); 15 U.S.C. § 1114(1)]

14. Quantum repeats and realleges Paragraphs 1 through 13 as if fully stated herein.

15. The use by Defendant of the term QUANTUM in connection with network switches for scalable architecture is likely to cause confusion or deception of consumers as to the source of origin or sponsorship of these products, in violation of Section 32(1) of the Lanham Act. 15 U.S.C. § 1114(1). Consumers are likely to utilize Defendant's products bearing the QUANTUM mark believing them to be those of Quatum, thereby resulting in a loss of goodwill and sales to Quantum.

16. Upon information and belief, Defendant has willfully infringed the QUANTUM trademark with the intention of causing confusion, mistake, or deception. The goodwill of Quantum's business under its QUANTUM trademarks is of great value, and Quantum will suffer irreparable harm should this infringement be allowed to continue to the detriment of its trademarks, reputation, and goodwill.

/ / /

/ / /

17.  Quantum has no control over the quality of the products offered by Defendant. Thus, the value of Quantum's mark is subject to damage and dilution by Defendant and affiliated individuals it cannot control.

18.  Unless enjoined by this Court from so doing, Defendant will continue to engage in acts of infringement of the sort complained of herein, to the irreparable damage and injury of Quantum.

19.  Defendant's acts of infringement, as alleged herein, have been undertaken with knowledge of Quantum's exclusive rights to the QUANTUM trademark, entitling Quantum to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action, pursuant to section 35(b) of the Lanham Act. 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

[Unfair Competition and False Designation of Origin in Violation of Federal Law: Lanham Act § 43(a); 15 U.S.C. § 1125(a)]

20.  Quantum repeats and realleges paragraphs 1-19 as if fully stated herein.

21.  Defendant's use of the QUANTUM mark constitutes unfair competition and a false designation of origin that is likely to deceive consumers and prospective customers into believing that Defendant's products are those of Quantum, in violation of § 43(a) of the Lanham Act. 15 U.S.C. §1125(a).

22.  Defendant's actions are likely to cause confusion or mistake among the public as to the true origin and sponsorship of Defendant's products, and to confuse the public into believing that Defendant's products have the approval of Quantum, in violation of section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

23.  Quantum has no control over the nature and quality of Defendant's products.  Any failure, neglect or default by Defendant in providing high quality products will reflect adversely on Quantum as the believed source of origin thereof. This activity hampers efforts by Quantum to protect its outstanding reputation for

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

high quality products, and will result in a loss of sales by Quantum, all to the irreparable harm of Quantum.

24. Unless enjoined by this Court from so doing, Defendant will continue to engage in its acts of false representation and designation as complained of herein, to the irreparable damage and injury of Quantum.

25. Defendant's continued false representation and designation of origin is with full knowledge of Quantum's exclusive rights to the QUANTUM trademark. Such acts are made in conscious disregard of Quantum's rights entitling Quantum to treble its actual damages, plus attorneys' fees in bringing and maintaining this action, pursuant to section 35(b) of the Lanham Act. 15 U.S.C. § 1117(b).

## THIRD CLAIM FOR RELIEF

[Trademark Infringement in Violation of the Statutory Law of California: Cal. Bus. & Prof. Code § 14335]

26. Quantum repeats and realleges paragraphs 1 through 25 as if fully stated herein.

27. This claim arises under California Business and Professions Code section 14335 and the common law of the State.

28. Quantum is the owner of all rights, title, and interest in the QUANTUM trademark.

29. Upon information and belief, Defendant has intentionally appropriated the term QUANTUM with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to pass off its goods as those of Quantum.

30. Quantum has not authorized Defendant's use of the term QUANTUM for the sale of its goods.

31. Upon information and belief, Defendant's acts, including those specifically complained of herein, with respect to Defendant's use of marks related to Quantum's QUANTUM trademark in connection with Defendant's products,

have violated the trademark and unfair competition laws of the State of California, specifically California Business and Professions Code section 14335.

32. Quantum has no adequate remedy at law. The conduct of Defendant has caused, and if not enjoined will continue to cause, irreparable harm and damage to Quantum's trademark, common law trademark, and to its business, reputation, and goodwill.

## **FOURTH CLAIM FOR RELIEF**

[Unfair, Unlawful, and/or Fraudulent Business Practices in Violation of the Statutory Law of California: Cal. Bus. & Prof. Code § 17200, *et seq.*]

33. Quantum repeats and realleges paragraphs 1-32 as if fully stated herein.

34. This claim arises under California Business and Professions Code section 17200, *et seq.*, and the common law of the State.

35. Quantum is the owner of all rights, title, and interest in the QUANTUM trademark.

36. Upon information and belief, Defendant has intentionally appropriated the term QUANTUM with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to pass off its goods as those of Quantum.

37. Upon information and belief, Defendant's acts, including those specifically complained of herein, with respect to Defendant's use of marks related to Quantum's QUANTUM trademark in connection with Defendant's products, has violated the unfair competition laws of the State of California, specifically California Business and Professions Code section 17200, *et seq.*

38. Section 17200, *et seq.*, of the California Business and Professions Code prohibits acts of unfair competition, which means and includes "any unlawful, unfair, or fraudulent business act or practice."

///

39. By engaging in the conduct referenced herein, including intentionally appropriating the term QUANTUM with the intent of causing confusion, mistake and deception as to the source of its goods and with the intent to pass off its goods as those of Quantum, Defendant has engaged in numerous unlawful, unfair or fraudulent business acts or practices as prescribed by California Business and Professions Code section 17200, *et seq.*

40. As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff, and pursuant to California Business and Professions Code section 17535, should be required to disgorge and return to Plaintiff all monies acquired by means of such unlawful practices.

41. Pursuant to Section 17535 of the California Business and Professions Code, Plaintiff seeks equitable and/or injunctive relief from this Court to restrain such acts or practices found to be in violation of Section 17200, *et seq.* and to require corrective action to remedy same.

## FIFTH CLAIM FOR RELIEF

[Trademark Dilution in Violation of the Common Law and the Statutory Law of California: Cal. Bus. & Prof. Code §§ 14330-14335]

42. Quantum repeats and realleges paragraphs 1-41 as if fully stated herein.

43. This claim arises under California Business and Professions Code sections 14330-14335 and the common law of the State.

44. Upon information and belief, Defendant's acts have caused a likelihood of injury to Quantum's goodwill and business reputation, impaired the effectiveness of the QUANTUM trademark, and diluted Quantum's distinctive trade name and mark. Defendant's use of a confusingly similar mark in connection with Defendant's sale of its products is likely to cause an erosion of the distinctiveness of Quantum's trademark and rights.

///

COMPLAINT

45. Upon information and belief, Defendant's acts, including those specifically complained of herein, have caused dilution of Quantum's QUANTUM trademark, by, among other ways, lessening the capacity of such mark to identify and distinguish Quantum's products, in violation of the trademark laws of the State of California, specifically California Business and Profession Code sections 14330-14335.

46. Quantum has no adequate remedy at law. The conduct of Defendant has caused, and if not enjoined will continue to cause, irreparable damage to Quantum's rights and to its trademarks, and to Quantum's business, reputation, and goodwill.

## SIXTH CLAIM FOR RELIEF

[Trademark Infringement and Unfair Competition in Violation of the Common Law]

47. Quantum repeats and realleges paragraphs 1 through 46 as if fully stated herein.

48. This claim arises under the common law of this State relating to trademark infringement and unfair competition.

49. Quantum is the owner of all rights, title, and interest in the QUANTUM trademark by virtue of its extensive manufacture and sale of products bearing such trademarks, as set forth in the preceding paragraphs of this Complaint. In particular, because of its extensive use in commerce, Quantum has acquired common law trademark rights in and to its QUANTUM trademark in connection with computer peripherals, namely, computer drives for the storage, retrieval, and delivery of computer memory and data; tape drive autoloaders; computer media for storage applications; computer media for back-up applications; solid state disk drives; and related software and products.

50. The infringing products offered by Defendant incorporate terms infringing on Quantum's common law trademark. Such unauthorized use by

Defendant of Quantum's common law trademark constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products, and to cause customers to believe such products are products of Quantum when, in fact, they are not.

51. Upon information and belief, Defendant has willfully and intentionally misappropriated Quantum's common law QUANTUM trademark with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to pass off its goods as those of Quantum, and as such, Defendant has committed trademark infringement and unfair competition under the common law.

52. By such actions in infringing Quantum's common law trademark, Defendant is improperly trading upon the enviable reputation and goodwill of Quantum and is impairing Quantum's valuable rights in and to its QUANTUM trademark.

53. Upon information and belief, Defendant committed the above-alleged acts oppressively, fraudulently, maliciously, and in conscious disregard of Quantum's rights. Quantum is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California in an amount sufficient to punish, deter, and make an example of Defendant.

54. Quantum has no adequate remedy at law. The conduct of Defendant has caused, and if not enjoined will continue to cause, irreparable damage to Quantum's rights in and to its trademarks, and to Quantum's business, reputation, and goodwill.

### SEVENTH CLAIM FOR RELIEF
[Constructive Trust: Cal. Civ. Code § 2224]

55. Quantum repeats and realleges paragraphs 1 through 54 as if fully stated herein.

///

56. This claim arises under California Civil Code section 2224 and the common law of the State of California.

57. Upon information and belief, Defendant owns and/or possesses tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from Defendant's unauthorized use of Quantum's trademarks on infringing products.

58. Quantum is entitled to the ill-gotten profits Defendant has derived from the infringement and dilution of the QUANTUM trademark under California Civil Code section 2224.

59. Quantum has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendant's aforementioned acts. Defendant holds those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from Defendant's infringing activities as constructive trustee for the benefit of Quantum, in an amount thus far not determined.

## ALLEGATIONS OF DAMAGE COMMON TO ALL COUNTS

60. Quantum has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendant's aforesaid activities. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of Quantum's business and reputation. Quantum's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

61. By reason of Defendant's acts complained of herein, Quantum has suffered monetary damages thus far not determined with certainty, but which will be pled with more specificity upon completion of discovery.

/ / /

/ / /

/ / /

COMPLAINT

## DEMAND FOR JURY TRIAL

62. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Quantum demands:

1. That Defendant Mellanox Technologies, Ltd., its officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation, and combination with them, be both preliminarily and permanently enjoined and restrained from:

    a. using the mark QUANTUM or any confusingly similar designations thereof;

    b. using any false designation, description or representation regarding the source of Defendant's products;

    c. further infringing Quantum's QUANTUM trademark and thereby damaging Quantum's goodwill and reputation; and

    d. otherwise infringing upon Quantum's QUANTUM trademark or competing unfairly with Quantum.

2. That Defendant be required to account to Quantum for any and all profits derived by it and to compensate Quantum for all damages sustained by Quantum by reason of the acts complained of herein, and that such damages be trebled.

3. That Defendant be required to deliver up for destruction any infringing materials bearing the designation of QUANTUM, or any designation which is confusingly similar to Quantum's trademark, in its possession or control, as provided by section 36 of the Lanham Act, 15 U.S.C. § 1118.

4. That Quantum be awarded punitive damages in an amount to be determined at trial.

/ / /

5. That Quantum be awarded the damages it has sustained by Defendant's actions, its costs and disbursement in this action, and Defendant's profits (or statutory damages, if so elected by Quantum), pursuant to 15 U.S.C. 1117.

6. That Quantum be awarded such other and further relief as this Court may deem just and proper.

Dated:  December 21, 2017        Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ C. Dennis Loomis*
          C. Dennis Loomis

*Attorneys for Plaintiff*
QUANTUM CORPORATION